UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY J. DOWNING,

    Plaintiff,

                                                                      Case No. 11-cv-15015
                                                                      Honorable Gershwin A. Drain

v.

JC PENNEY, INC.,

    Defendant.

_____/

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION *IN LIMINE* [#30]

I.      Introduction and Factual Background

Plaintiff, Kristy Downing, is an attorney representing herself in this matter.  She alleges negligence by Defendant's salons located in Canton and Ann Arbor, Michigan. Plaintiff received salon services from Defendant's salons in Canton, Ann Arbor and Novi between May 25, 2008 and May 27, 2011.  On March 15, 2010, Plaintiff claims that she visited Defendant's salon and her stylist, Angela Powell, cut three inches off of Plaintiff's hair, which was not the usual ½ inch of hair that was Powell's practice since the time that Plaintiff began using her services in May of 2008.  After this incident, Plaintiff began using Defendant's salon in Ann Arbor, Michigan for her hair care.  She continued to receive pedicures and waxing treatments at Defendant's Canton salon.

Plaintiff's hair was done by Angela Wimberly at Defendant's Ann Arbor store.

Plaintiff contends that on May 27, 2011, Wimberly misapplied hair relaxer to her hair, beginning at the front of the head (hairline) and spreading the relaxer to the remainder of her hair. Wimberly denies applying the relaxer in this way. Plaintiff claims that Wimberly's negligent misapplication of the hair product caused Plaintiff to suffer hair loss at her hairline.

This matter is scheduled for a bench trial commencing on December 5, 2012. Plaintiff filed a Motion *in Limine* on October 21, 2012, arguing that some of the evidence Defendant seeks to introduce at the trial should be excluded under Federal Rules of Evidence 402, 403 and 404. On November 5, 2012, Defendant filed a Response to Plaintiff's Motion *in Limine* and Plaintiff filed a Reply Brief on November 13, 2012. Upon review of Plaintiff's Motion *in Limine*, Defendant's Response and Plaintiff's Reply, the Court concludes that oral argument is unnecessary and resolves the pending motion on the parties' submissions. *See* E.D. Mich. L.R. 7.1(f)(2).

II.     Law & Analysis

Plaintiff seeks to exclude the following evidence as either irrelevant or so prejudicial as to outweigh any probative value: (1) Plaintiff's other intentional infliction of emotional distress claims filed in this court, (2) evidence that an employee of Foley & Lardner was stalking Plaintiff, (3) evidence that Plaintiff filed an attorney grievance against Nicole Lamb-Hale,[1] a former partner at Foley & Lardner, (4) Plaintiff's personal protection order against a "persistent male neighbor," (5) Plaintiff's testimony that she had seen a social worker in the past and a colleague's, as well as her mother's recommendation that she seek

---

[1] Plaintiff mistakenly refers to Ms. Lamb-Hale as "Lamb-Yale" throughout her brief.

professional psychological help, (6) the testimony of Plaintiff's mother, Katherine Downing, (7) all medical professionals who ever treated Plaintiff, and (8) Defendant's proposed experts.

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Rule 403 permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Rule 608 allows the admission of evidence of specific instances of a witness's conduct on cross examination if "they are probative of the character for truthfulness or untruthfulness of the witness . . . ." Fed. R. Evid. 608(b)(1).

The only claims remaining in the present action are plaintiff's claims that Defendant was negligent in performing its hair care services resulting in damage to plaintiff. A plaintiff suing for negligence must evidence the traditional elements of a tort: duty, breach, causation and damage. *Loweke v. Ann Arbor Ceiling & Partition Co.*, LLC, 489 Mich. 157, 162-63; 809 N.W.2d 553 (2011). A salon owes a patron a duty to provide reasonable hair care as compared to a typical salon in the area. *Smith v. Artiste Perm. Wave Shoppe*, 293 Mich. 441, 443-44; 292 N.W. 361 (1940).

Plaintiff first argues that evidence concerning Plaintiff's other intentional infliction of emotional distress lawsuits is irrelevant because it is not an element of negligence. She also maintains that it is excludable under Rule 403 because it will unfairly prejudice the

plaintiff.  Plaintiff argues that a trial within a trial will be needed to ascertain the merits of Plaintiff's prior lawsuits. Defendant listed Plaintiff's harassment suit against her former employer Foley & Lardner, her harassment suit against Lifetime Fitness and her stalking complaint against her neighbor as an exhibit for trial.  Defendant claims that it does not intend to call any witnesses from Foley & Lardner, Lifetime Fitness or Mr. Vogeli (Plaintiff's neighbor) at trial.

Contrary to Plaintiff's argument, "compensation for a purely mental component of damages where a defendant negligently inflicts an immediate physical injury has always been awarded as 'parasitic damages.'" *McClain v. Univ. of Mich. Bd. of Regents*, 256 Mich. App. 492, 498; 665 N.W.2d 484 (Mich. Ct. App. 2003).  Recovery for mental anguish damages, which are separate and distinct from emotional distress damages, is allowable where the "plaintiff's mental or emotional reactions were a necessary element in the chain of causation." *Id.*  In negligence actions, the modern day rules permit damages for "pain, suffering, and mental anguish, such as shame, mortification, mental pain and anxiety, annoyance, discomfiture, and humiliation."  *Id.* at 502-03.

Defendant argues that it does not seek to introduce this evidence to establish that Plaintiff acted in conformity therewith in filing this lawsuit as Plaintiff argues in her Motion *in Limine*.  Defendant maintains that this evidence goes to damages for Plaintiff's alleged emotional harms, as well as to her overall credibility.  Defendant argues that Plaintiff filed the action against Lifetime Fitness on the same date that she received a hair cut from Ms. Powell.[2]  Defendant also argues that the misapplication of the relaxer occurred on May 27,

---

[2] Plaintiff contends that she filed the action in state court on November 20, 2009, and the action was removed on March 15, 2010 to federal court.  A review of the docket in that action reveals that Plaintiff is correct, the case was removed to this court on that

2011, just three days after the Lifetime Fitness case was dismissed after the court granted the defendant's motion for summary judgment.

Defendant intends to introduce the testimony of Ms. Powell and Ms. Wimberly, who both will testify that Plaintiff was an extremely strange customer, and even more so on March 15, 2010 and May 27, 2011.  Defendant argues that it should be entitled to explore what else was going on in Plaintiff's life to create such extreme overreactions, claims of conspiracy and eventual claims of emotional harm.  These cases, and their subsequent dismissal, were stressors in Plaintiff's life, whether the suits had any merit is immaterial. However, the lawsuits are relevant to the issue of Plaintiff's perception and the emotional effect these incidents had on her. These lawsuits are also relevant because Plaintiff claims that all of her emotional harm is attributable to the incidents occurring at Defendant's salons.  The court concludes that the lawsuits have bearing on the issue of damages.  The lawsuit filed against Foley & Lardner, No. 09-cv-14351 and the lawsuit against Lifetime Fitness, No. 10-11037, occurred during the relevant time frame, however  the complaint against her neighbor appears to have occurred in 2012 as it has a case number of 12-104513.  This is irrelevant to emotional harm suffered by Plaintiff in 2010 and 2011.  Thus, evidence related to the personal protection order against her neighbor will be excluded. However, Defendant is permitted to cross examine Plaintiff relative to the lawsuits identified above.

Similarly, the evidence that Foley & Lardner's former partner, Ms. Lamb-Hale was stalking Plaintiff in 2009 may be relevant to the issue of emotional/mental anguish damages as these instances occurred at the time that Plaintiff was using Defendant's salons for her

---

date.

hair care.    These allegations were included in Plaintiff's complaint against Foley & Lardner.

> 85.   Since relocating to Michigan, Defendant Foley has persisted in harassing Ms. Downing through her professional and personal circles. For example, members at Defendant Foley including Mrs. Nicole Lamb-Hale (a former partner in the Detroit office of Defendant Foley) have stalked and harassed Ms. Downing.  See Exhibit H (complaint filed with the Michigan Attorney Discipline Board).  On more than one occasion persons associated with Mrs. Lamb-Hale have mentioned her name to Ms. Downing in a harassing/intimidating manner.  Mrs. Lamb-Hale has attempted to limit Ms. Downing's professional opportunities by interfering with her relationships with potential employers and clients.  Individuals on job interviews and those at professional events have mentioned Mrs. Lamb-Hale's name to Ms. Downing in a harassing manner.  They further insinuate that Mrs. Lamb-Hale has stated negative things about Ms. Downing to them. These harassing mentions of Mrs. Lamb-Hale's name have also come from individuals in Ms. Downing's personal life including immediate family members.  Moreover, it appears that at least some individuals at Defendant Foley have engaged in plans to physically harm Ms. Downing.
>
> 86.   On numerous occasions before and after the filing of this matter with the Equal Employment Opportunity Commission Defendant Foley enlisted other members of the general public to play mind games, harass, defame and belittle Ms. Downing, in part, to strong-arm her into seeking psychiatric counseling with intentions to undermine her credibility with respect to these causes of action.
>
> 113.  Award to Plaintiff compensatory damages sufficient to compensate her for her mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendant Foley's actions.

*See Downing v. Foley & Lardner*, No. 09-14351 at 16-17, 22.  This evidence is relevant to the issue of damages and Defendant will be permitted to cross examine the Plaintiff on this topic.  Plaintiff's requested relief as to this evidence is denied.

However, Defendant does not address in its response whether it seeks to introduce the grievance Plaintiff filed against Ms. Lamb-Hale before the Michigan Attorney Discipline

Board.  Further, the grievance is not listed as an exhibit in the Final Pretrial Order.  The grievance is therefore excluded and this portion of Plaintiff's requested relief is granted.

Defendant does not address Plaintiff's argument that all references to her seeing, or suggestions that she see a psychologist or social worker should be excluded as irrelevant and unfairly prejudicial.  It would appear that her mother's testimony that Plaintiff see a psychologist or social worker may be relevant to emotional/mental anguish damages at issue:

> Q. As far as you know, has Kristy ever seen any kind of a psychologist or social worker, anything for emotional problems?
> A. I don' t know if she did.
> Q. Do you know if it's ever been suggested to her?
> A.  I have suggested that she, you know, go, yes.
> Q. When was the first time that you suggested that?
> A. The first time?  Well, all I know, it was after she came back from Milwaukee.  Sometime after that.
> Q. When was the last time you suggested it?
> A. I don't know exact date but probably – I don't know, probably maybe sometime earlier this year or some–maybe.  I don't know exactly when the last time it was.
> Q. Well, if you saw her at the holidays, do you think that was sometime after?
> A. Yeah.  I said this year, didn't I?
> Q. Okay.  So that would have been over the phone?
> A. Maybe over the phone or maybe I suggested that she go to a class with us or something.
> Q. What prompted the suggestion?
> A. Well, it's just that because I said that she thinks that people are doing things to her and I don't know if they're doing it but I would like for her to go to a class.  A class that was on mental, you know, illness or something.

Dep. Tr. of Katherine Downing, June 27, 2012 at 25-26.  Plaintiff has failed to demonstrate a sufficient reason under the Federal Rules of Evidence to exclude this information.  Her request to exclude this evidence is therefore denied.

Plaintiff also maintains that Defendant should not be permitted to introduce

Plaintiff's mother's testimony because this evidence is irrelevant to Plaintiff's negligence claims, and carries substantial risks of unfair prejudice and confusion.  Plaintiff theorizes that by "introducing disagreements between Plaintiff and her family[,] Defendant is likely to unfairly prejudice the jury by making Plaintiff appear be a bad daughter or vice versa. In either circumstance, family matters are none of the court's business and should be excluded under Rule 403. . . .To the extent that [Defendant's counsel] has formed suspicions because Mrs. Downing and Plaintiff did not confer about this case beforehand, that has very little probative value.  Whether discussions were or were not had is not reasonably related to any element of negligence."  *See* Plf.'s Mot. in Limine at 12.

Contrary to Plaintiff's contention, the testimony that will be elicited from Katherine Downing is probative on the issue of Plaintiff's credibility and claim for emotional/mental anguish damages.  Mrs. Downing has been a hairdresser for 43 years and owned her own salon for 35 years.  *See* Dep. Tr. of Katherine Downing at 7-8.  Mrs. Downing testified that Plaintiff never discussed the two incidents relative to this action with her.  This is relevant as Plaintiff claims that her haircut and hair loss were humiliating, yet she never raised her complaints with her mother.  Plaintiff's request to preclude Defendant from calling Mrs. Downing as a witness at trial is denied.

Defendant does not address whether or not it seeks to introduce any evidence concerning Plaintiff's doctors and the treatment she sought from her doctors.  Plaintiff has testified that she never received medical treatment resulting from the incidents at issue herein.  As Defendant does not indicate that it intends to call any of Plaintiff's treating doctors, and did not list any of Plaintiff's treating doctors in the Final Pretrial Order, Plaintiff's request to exclude this evidence is granted.

Likewise, Plaintiff's request to preclude Defendant from using an expert witness is moot as Defendant indicates in its response that it does not intend to call any expert witnesses. Thus, this portion of Plaintiff's requested relief is granted.

III.     Conclusion

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion *in Limine* [#30].[3]

SO ORDERED.

Dated:  November 21, 2012

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 21, 2012, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

---

[3] Any objections listed in the Final Pretrial Order that were not argued in the present motion may be argued prior to the start of trial on December 5, 2012.