UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY J. DOWNING,

        Plaintiff,

                                        Case No. 11-cv-15015
                                        Honorable Gershwin A. Drain

v.

J.C. PENNEY, INC.,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES [#54] AND GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND TIME FOR FILING RESPONSE BRIEF CONCERNING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND TAXATION OF COSTS [#60] AND CANCELLING FEBRUARY 15, 2013 HEARING**

**I.    INTRODUCTION**

Plaintiff, Kristy J. Downing, filed a Complaint against Defendant, J.C. Penney Corporation, Inc. ("J.C. Penney") alleging negligence, intentional infliction of emotional distress, battery and racial discrimination by J.C. Penney for salon services she received at J.C. Penney's hair salons located in Canton, Michigan and Ann Arbor, Michigan. All of Plaintiff's claims but the negligence claim were dismissed by the Court on September 23, 2012, pursuant to an Order Granting in Part J.C. Penney's Motion for Summary Judgment. This Court conducted a bench trial on December 5, 2012, December 6, 2012 and December 7, 2012 on Plaintiff's negligence claim. On December 11, 2012, the Court entered Judgment in favor of J.C. Penney.

On December 26, 2012, J.C. Penney filed a Bill of Costs with the Clerk of the Court pursuant to E.D. Mich. L.R. 54.1. The Clerk of the Court thereafter taxed costs in the amount of $1,918.91 against Plaintiff indicating that "[c]ounsel for either side may, within seven (7) days, file motions to review the clerk's action." *See* Dkt. No. 55.

Also, on December 26, 2012, J.C. Penney filed a Motion for Attorney Fees requesting fees in the amount of $30,133.50 for all the work performed prior to the Court's September 23, 2012 Order Granting in Part J.C. Penney's Motion for Summary Judgment. Further, J.C. Penney requests fees in the amount of $19,220.00 for work performed in defending against Plaintiff's remaining negligence claim. Thus, J.C. Penney seeks an attorney fee award totaling $49,353.50.

On February 12, 2013, Plaintiff filed a response to J.C. Penney's Bill of Costs and Motion for Attorney Fees. This response is inordinately untimely, having been filed only three days prior to the date set for the hearing. Pursuant to this Court's local rules, Plaintiff was required to file her response to J.C. Penney's Motion for Attorney Fees on or before January 10, 2013. Further, if she objected to the Clerk's Taxed Bill of Costs, she was required to file a motion no later than January 4, 2013. Thus, the Court grants Plaintiff's Motion for an Extension of Time in part. The portion of Plaintiff's response brief addressing J.C. Penney's Bill of Costs is denied. In any event, a review of Plaintiff's arguments suggesting that J.C. Penney's Bill of Costs should be denied are wholly without merit. The Court will grant Plaintiff's request for an extension as it relates to her objections to J.C. Penney's request for attorney fees.

## II.  LAW & ANALYSIS

Under the general American rule, unless Congress provides otherwise, parties to a litigation are to bear their own attorney's fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). The

prevailing party must point to a specific statute or other authority allowing for an award of attorney's fees. *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 636 (6th Cir. 2000). The decision to grant attorney's fees is within the sound discretion of the district court. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

If the Court finds that an award of fees is appropriate, the Court must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). This court must use the "lodestar" method to determine the appropriate amount of attorney fees. *See Barnes v. City of Cincinnati*, 401 F. 3d 729, 745 (6th Cir. 2005). This method requires a finding of "the proven number of hours reasonably expended on the case by an attorney, multiplied by his [] court-ascertained reasonable hourly rate." *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 937 (E.D. Mich. 2005). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

"The party seeking an award of attorney fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts are to be excluded. *Id.*

In assessing the "reasonable hourly rate" component of the lodestar method, the district court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that which lawyers of comparable skill and

experience can reasonably expect to command within the venue of the court of record . . . ." *Addock-Ladd*, 227 F. 3d at 350.

This Court has the authority to award attorney's fees to a prevailing party under 42 U.S.C. § 1988(b). 42 U.S.C. § 1988(b) provides for attorney's fees as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985 and 1986[,] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]

42 U.S.C. § 1988(b). The right to attorney fees for prevailing defendants has been limited by the United States Supreme Court. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980). Thus, a prevailing defendant is permitted to recover attorney's fees only if the district court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994).

Additionally, "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). "[A] district court must resist the urge to engage in 'post hoc reasoning' and the 'hindsight logic' of concluding a suit is without foundation because the plaintiff ultimately did not prevail." *Smith v. Smythe-Cramer*, 754 F.2d 180, 183 (6th Cir. 1983) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978)). "Therefore, a plaintiff should not be assessed his opponent's attorney['s] fees unless the court finds the claim was groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.'" *Id.* (citing *Christiansburg Garment*, 434 U.S. at 422).

J.C. Penney also argues that it is entitled to attorney fees pursuant to 28 U.S.C. § 1927. 28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Fees may be assessed without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997) (citing *Jones*, 789 F.2d at 1230). "[T]he standard for section 1927 determinations in [the Sixth] circuit is an objective one . . . ." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987). Further, "simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id*.

As an initial matter, Plaintiff's argument that J.C. Penney's request for attorney fees under § 1988(b) is untimely because judgment on Plaintiff's racial discrimination claim under 42 U.S.C. § 1981 was entered on September 23, 2012, is without merit. Plaintiff is mistaken, a judgment in this action was not entered until December 11, 2012. Thus, J.C. Penney's request for attorney fees is not untimely. *See* Fed. R. Civ. P. 54(d)(2)(B) ("Unless a statute or a court order provides, the motion must [] be filed no later than 14 days after the entry of judgment . . . ."). In any event, the Court denies J.C. Penney's request for attorney fees under § 1988(b). The Court finds that Plaintiff's civil rights claim was not apparently "groundless at the outset." *Smith*, 754 F.2d at 183.

In this Court's September 23, 2012, Order, the Court found that "[w]hen described more generally as a refusal to recommend a stylist, Minix's conduct looks sufficiently irrational to establish a prima facie case of discrimination." *See* Dkt. No. 29 at 8. While ultimately concluding that Plaintiff could not establish pretext and that her discrimination claim was subject to dismissal, this does not warrant an award of attorney fees pursuant to § 1988(b). *See Jones*, 789 F.2d at 1232 ("[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.").

As to J.C. Penney's request for attorney fees pursuant to § 1927, the Court likewise finds that an award of attorney fees is inappropriate. First, Plaintiff's negligence claim survived Defendant's Motion for Summary Judgment. *See* Dkt. No. 29. Specifically, this Court found that Plaintiff presented sufficient evidence demonstrating that questions of fact remained as to this claim. *Id.* Further, while Plaintiff's case was weak with respect to the evidence she introduced during trial, the Court cannot conclude as a matter of law that her conduct in prosecuting her claim was "unreasonable and vexatious" under § 1927.

Therefore, for the reasons stated above, the Court finds that an award of attorney fees under § 1988(b) and § 1927 is inappropriate under the circumstances.

## III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion for Attorney Fees [#54] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time for Filing of Plaintiff's Response Brief Concerning Defendants' Motion for Attorneys' Fees and Taxation of Costs [#60] is GRANTED IN PART.

IT IS FURTHER ORDERED that Plaintiff shall pay the costs taxed by the clerk of the Court

in the amount of $1,918.91 to J.C. Penney Corporation, Inc.


Dated: February 14, 2013                             /s/Gershwin A Drain
                                                     GERSHWIN A. DRAIN
                                                     United States District Judge